**Dated: November 14, 2014**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

In re:

MICHAEL JAMES SHELITE and
AMY LYNN SHELITE,

Debtors.

Case No. 11-81297-TRC
Chapter 7

GUY P. CORCORAN

Plaintiff

v.

MICHAEL JAMES SHELITE and
AMY LYNN SHELITE,

Defendants.

Adversary Case No. 13-8008-TRC

### ORDER OF ABSTENTION AND DISMISSAL

This Court held a telephonic scheduling conference on October 15, 2014. Plaintiff Corcoran and Defendant Amy Shelite each appeared pro se. Also in attendance was Charles Greenough, Chapter 7 Trustee, and Katherine Vance, Office of the U.S. Trustee. The parties have expressed a desire to have their dispute heard and resolved by District Judge Mike Ward, Butler County, Kansas. Neither Mr. Greenough nor Ms. Vance offered an objection to that request. After reviewing the

record before the Court and applicable law, the Court has decided to honor the parties' request by abstaining from hearing this case, dismissing it without prejudice, and allowing the state court case to proceed.

This Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of the case is proper pursuant to 28 U.S.C. § 157(a). The matters presently before the Court are core proceedings as contemplated by 28 U.S.C. § 157(b)(2)(I).

**Relevant Facts and Procedural History**

The dispute between these parties began approximately six years ago. According to records supplied by Plaintiff to this Court, Plaintiff was previously incarcerated by the State of Kansas, beginning in 2008 and was released in 2014. He is currently on parole. He is the father of Defendant Amy Shelite and father-in-law of Defendant Michael Shelite.[1] In 2010, Plaintiff filed a lawsuit in Butler County District Court, State of Kansas, against either or both of the Defendants in this case over a dispute he has with his daughter regarding her handling of his mother's assets as well as Plaintiff's assets while he was incarcerated. During the course of that case, Plaintiff learned that Defendants had filed a no-asset chapter 7 bankruptcy in this court on August 6, 2011. They were discharged on November 30, 2011, and the case was closed on December 19, 2011. Upon learning of the bankruptcy, State Court Judge Mike Ward stayed proceedings in the state court case so that Plaintiff could investigate and possibly pursue an action in the bankruptcy. Plaintiff notified the Court Clerk of this Court that he had not received notice of the Shelites' bankruptcy. Defendants listed Plaintiff as an unsecured creditor with the amount of the debt listed as unknown. The address

---

[1] It is unknown whether Plaintiff has achieved good service on Defendant Michael Shelite. Michael Shelite has not filed an Answer in the case. However, Defendant Amy Shelite represented to this Court during the October 15, 2014 Telephonic Scheduling Conference that she and Michael are married.

given for Plaintiff was simply "Hutchinson, Kansas 67501." At the time of the bankruptcy, Plaintiff was incarcerated by the State of Kansas. He alleges that his address and circumstances were well-known to Defendants. Based upon this information, Trustee Greenough moved to reopen the case to allow Plaintiff to take some action against Defendants and the bankruptcy estate. The Court granted the motion.[2]

Plaintiff filed this adversary case on June 3, 2013, seeking to except debts from discharge pursuant to 11 U.S.C. §523(a)(2) for actual fraud, (a)(4) fraud of fiduciary, larceny and embezzlement, to establish the validity of a lien, and requests unspecified declaratory relief. He made many unsuccessful attempts to obtain service on Defendants. Amy Shelite eventually filed an answer denying the allegations in Plaintiff's Complaint and stating that the State of Kansas took possession of property owned by her grandmother in order to pay for nursing home expenses. She asks that the Court dismiss this case. As is this Court's normal procedure, the case was set for a telephonic scheduling conference and the parties were directed to hold a Rule 26F conference prior to the telephonic date. Plaintiff requested that the Court waive its requirement for the Rule 26F conference because as part the terms of his parole from prison he has been directed to have no contact with Amy Shelite or her family, either direct or indirect or through third persons. The Court granted this request, but the Court did hold the Telephonic Scheduling Conference on October 15, 2014. At the parties' request, the Court took under advisement their request to allow the state court case to proceed, and Amy Shelite's request for dismissal.

**Conclusions of Law**

Even where a court may have subject matter jurisdiction over the causes of action in a case, it is not required to hear a case but may exercise its discretion to abstain. 28 U.S.C. § 1334(c)(1); *New*

---

[2] 11-81297 Order Granting Former Trustee Greenough's Motion to Reopen, Doc. Entry 35, February 20, 2013.

*Jersey Lawyers' Fund for Client Protection v. Fornaro (In re Fornaro),* 402 B.R. 104, 107-108 (Bankr. D. N.J. 2009). The court may raise the issue of abstention *sua sponte*, and the decision regarding abstention is within the sound discretion of the court. *Fornaro* at 108. Courts identify multiple factors relevant to permissive abstention under § 1334(c)(1), including: the effect or lack thereof on the efficient administration of the estate; the extent to which state law issues predominate over bankruptcy issues; the difficulty or unsettled nature of applicable state law which could be more properly addressed in a state forum; considerations of comity; the presence of a related proceeding in state court; the degree of related ness or remoteness of this proceeding to the main bankruptcy case; the substance rather than the form of an asserted "core" proceeding; the feasibility of severing state law claims form the bankruptcy case; the court's docket; the right to a jury trial and the presence of non-debtor parties. *See Fornaro*, 402 B.R. at 108; *Springs East Land Co. LLC v. Goss (In re Ellicott Springs Resources LLC)*, 485 B.R. 626 (Bankr. D. Colo. 2013); *LaRoche Industries, Inc. v. Orica Nitrogen LLC (In re LaRoche Industries, Inc.)*, 312 B.R. 249, 253-254 (Bankr. D. Del. 2004). There is no specific formula for how many of these factors should be addressed or which ones are required in determining whether to abstain. *Valley Media, Inc. v. Toys R Us, Inc. (In re Valley Media, Inc.)*, 289 B.R. 27, 29 (Bankr. D. Del. 2003). This Court will consider this adversary case in light of these factors.

Plaintiff's Complaint is grounded on his state law case. He alleges fraud or mismanagement by Defendants of his mother's assets as well as his own while he was incarcerated. His action will have virtually no effect on the administration of the Shelite's bankruptcy estate nor does it have the potential to maximize the estate. The Trustee has taken no position and has elected not to pursue any separate action against Defendants. This was a no

asset case and no funds were available for distribution to creditors even if Plaintiff had received notice and filed a proof of claim.

Plaintiff's causes of action are not dependent or grounded in bankruptcy. They involve questions of state law, not federal law. The state law case was pending prior to the filing of this bankruptcy. Additionally, Plaintiff is currently under the supervision of the Kansas Department of Corrections and under an order to have no contact with Defendants. Resolution of his claim will involve state law issues regarding conveyances of real property, state social services, fraud, and application of the terms of Plaintiff's supervised release by the Kansas Department of Corrections. The state court has significantly greater interest and experience in adjudicating these issues and in effecting its orders regarding the parole of prisoners within its corrections system. Considerations of comity and respect for state law favor abstention.

The Court's docket would not be unduly burdened by this case and it is unknown how long it will take this matter to reach a trial in state court. These appear to be neutral factors in considering abstention. The Court is not aware of the parties' desire for a jury trial but to the extent Defendants are entitled to a jury trial on any claims under state law, the state court would be the preferred forum. This factor favors abstention.

Both parties have expressed a desire to have their dispute determined by the Kansas court in the pending Butler County lawsuit. Neither the Trustee nor the Office of the U.S. Trustee objects. The most important considerations in abstention are the predominance of state law issues and the lack of benefit to the bankruptcy estate. Both of these are present in this case. *See LaRoche*, 312 B.R. at 254. Before this Court can determine whether Plaintiff's claim is excepted from discharge, there must be a determination as to the validity and amount of his claim. Therefore, the Court elects to abstain from hearing the issues of state law, and will enter an order

of dismissal as requested by Defendant. Should Plaintiff prevail in state court and obtain a judgment against Defendants, further proceedings in this Court may be appropriate.

**Order of the Court**

IT IS THEREFORE ORDERED that this Court abstains from resolving the state law claims between these parties and dismisses this case. The Butler County District Court, State of Kansas may proceed to determine the matters before it in accordance with its laws and procedures.

###